Dissenting opinion filed by Circuit Judge Moore.
Per Curiam.
Petitioner Gary S. Schnell appeals a final order of the Merit Systems Protection Board (“MSPB”), which denied his petitions for review of an administrative judge’s (“AJ”) initial decisions. See Schnell v. Dep’t of the Army, Nos. CH-1221-12-0770-W-3, CH-0752-13-0056-I-3, 2016 WL 3752331, at ¶ 1 (M.S.P.B. July 13, 2016). In separate initial decisions, the AJ had dis *1012 missed Mr. Schnell’s appeals as untimely refiled. Resp’t’s App. 11,18.
“If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown.” 5 C.F.R. § 1201.22(c) (2015). The MSPB has identified several factors that it considers in determining whether good cause warrants waiving a refiling deadline. See, e.g., Gaddy v. Dep’t of the Navy, 100 M.S.P.R. 485, 489 (2005). Of these factors, Mr. Schnell argues that the MSPB erred in its analysis of his pro se status, his confusion over the refiling deadline, and the arbitrariness of that deadline. See Pet’r’s Br. 2.
We review the MSPB’s decision not to waive a refiling deadline for abuse of discretion. See, e.g., Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Having reviewed the briefs and the record before us, we conclude that the MSPB abused its discretion in dismissing Mr. Schnell’s refiled appeals as untimely. On remand, the MSPB must consider Mr. Schnell’s appeals on the merits. Accordingly, the Final Order of the Merit Systems Protection Board is VACATED AND REMANDED
COSTS
Each party shall bear its own costs.